## TEXAS ELECTRIC SERVICE CO. v. WILLARD et ux.

### No. 641.

Court of Civil Appeals of Texas. Eastland.
Feb. 21, 1930.

Rehearing Denied March 28, 1930.

Fred T. Arnold, and Marshall & King, all of Graham, for appellant.

W. L. Scott, of Graham, for appellees.

LESLIE, J

This suit was instituted by the Texas Electric Service Company, a corporation with right of eminent domain, by filing with the county judge of Young county a petition for condemnation against the lands of D. R. Willard and wife. By the proceeding it was sought to condemn a right of way for an electric transmission line. Commissioners were duly appointed, and, having complied with the statutory requirements in the discharge of their duties, made an award from which an appeal was taken to the county court. There a trial was had before the court and jury, and upon answers to special issues a judgment was rendered in favor of the landowners for (1) $585 for land "actually taken," (a strip 4,029 feet by 100 feet, or 9 acres, as found by the jury); (2) $1,155 damages to adjoining lands (231 acres) not taken, but injured by reason of the portion (9 acres) taken. From that judgment this appeal is prosecuted by the electric company.

This is admittedly a companion case to that of the Texas Electric Service Company v. Perkins et ux., theretofore tried in the Young county court and appealed to the Court of Civil Appeals at Fort Worth. On that appeal, the judgment of the trial court was reversed by the Court of Civil Appeals for what is deemed a fundamental error, in that the condemnation proceedings did not, in its opinion, describe the premises sought to be condemned with sufficient certainty, and therefore failed to comply with the requirements of article 3264, Revised Civil Statutes of 1925, in the matter of describing lands sought to be condemned.. Tex. Elec. Ser. Co. v. Perkins et ux. (Tex. Civ. App.) 11 S.W.(2d) 543.

The Perkins Case was carried by writ of error to the Supreme Court, and, in an opinion January 29, 1930, 23 S.W.(2d) 320, 324, that court, through the Commission of Appeals, reversed the judgment of the Court of Civil Appeals, holding the petition of the electric company was sufficient in matter of property description to confer jurisdiction upon the county judge to appoint commissioners, and consequently sufficient to confer jurisdiction upon the county court to hear and determine on appeal the issues arising in the proceeding, and to ascertain the damages resulting from condemnation of the right-of-way involved.

By comparison it is found that, except as to ownership and property involved, the electric company's petition for condemnation in the instant case is precisely the same as that given in the Perkins Case. The description in the Perkins Case is set out in full in the opinion of the Court of Civil Appeals, as well as in the opinion of the commission of appeals. It therefore becomes unnecessary to set out the description advanced as a basis of condemnation in the present suit. As was held by our Supreme Court in the Perkins Case, and in obedience to that opinion, the description in this case is deemed sufficient to confer jurisdiction on the county judge to appoint the commissioners, etc.

However, it will be observed that our Supreme Court reversed the judgment of the Court of Civil Appeals and the judgment of the trial court upon a fundamental error which, appearing in the same manner and

form in this record, must have the same effect upon the judgment of the trial court in this case. In the opinion in the Perkins Case, (Com. App.) it is said: "We wish to remark here that the landowners contend that the entire 100-foot zone is taken, and that the county court had jurisdiction to hear and determine the matter because they defined the zone in the answer. We hold as a matter of law that the entire 100-foot zone in which houses, trees, etc., are not allowed is not taken, but that the fact that it will be dangerous for houses, trees, etc., to occupy such land is a matter to be considered by the trial tribunal in assessing incidental damages to land not actually taken."

It is further observed in that opinion: "An examination of the charge of the court and the verdict of the jury and the judgment discloses that the jury found that the entire 100-'foot zone was actually condemned and taken. This so affects the entire verdict and judgment·that the case will have to stand reversed and remanded."

Assuming, therefore, that the condemnor's description of the lands taken and damaged is the same in principle in the Perkins and the instant case, it is also to be observed that the landowners' pleadings are in principle the same as those in the case referred to. Willard and wife here allege and contend that "the plaintiff condemned and caused to be condemned a right-of-way 100 feet wide and approximately 4029 feet long" over and across their lands, and "that the strip thus condemned and·taken as set out above, amounts to, and is approximately 9.25 acres" of the market value of $100 per acre. The appellant's contention was, in substance, that only about $^{15}\!/_{10,000}$ of an acre (the size of holes for poles and dead men) was in fact taken.

Based upon these pleadings, and in answer to the first special issue, the jury found that the plaintiff actually took 9 acres of the defendants' land and that the same was of the reasonable market value· of $585, or $65 per acre; and, in answer to the other issues, the jury found that the damages to the adjoining portions of the land not taken amounted to $1,155—the judgment aggregating $1,740.

This element of damages amounting to $585 awarded for 9 acres of land alleged to have been "actually taken," but not so held to have been taken by our Supreme Court, being carried forward into the judgment, and constituting the same vice in this judgment as in the Perkins Case, it must be held here as it was there that, "this so affects the entire verdict and judgment that the case will have to stand reversed and remanded."

There are other questions raised in this record, but they pertain to alleged errors in the trial court's having overruled a motion for continuance and in the ·admission of tes-timony. If, on retrial, this cause is pleaded and developed with due regard to what is said by our Supreme Court, through the Commission of Appeals, in the Perkins Case, these questions will not arise, and it will serve no useful purpose to lengthen this opinion by a discussion of the same.

For the reasons assigned, the judgment of the trial·court will be reversed, and the cause remanded.